UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>-vs-<br><br>DERRICK BALDWIN,<br>    Defendant. | Case No. 1:02-CR-00154<br><br>Hon. Judge Arthur Spiegel<br><br>**Government's Response to Defendant's Motion For Court Order Designating Lebanon Correctional Institution As His Federal Place of Confinement** |

-------------------------------------------------

Comes now, the United States of America, by and through the U.S. Attorney for the Southern District of Ohio, and responds to the Defendant's "Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement", as follows:

## I. PROCEDURAL HISTORY

The Defendant plead guilty to the Offense of Possession of a Firearm by a Convicted Felon under 18 U.S.C. 922(g)(1) on April 15th, 2003. This Court sentenced him to thirty-three months incarceration and a three year period of Supervised Release, to be served consecutively to his seventeen year sentence imposed in case number B016144 in the Hamilton County Court of Common Pleas (D. 21). The Defendant is currently incarcerated at the Lebanon Correctional Institution, Lebanon, Ohio. The Defendant's Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement was filed with this Court on May 15th, 2006.

## II. ANALYSIS

The United States contends that this Court should not grant the Defendant's motion for two reasons. First, the power to designate the place of confinement for federally convicted prisoners is specifically allotted to the United States Bureau of Prisons and is thus beyond the jurisdiction of the Federal Courts. Second, this motion should be denied in the event it is considered as a petition for a writ of habeas corpus under 28 U.S.C. § 2255 and under 28 U.S.C. § 2241.

### A. The power to designate the place of confinement for federal prisoners is specifically allotted by Congress to the United States Bureau of Prisons, and this Court does not have jurisdiction to review claims concerning a federal inmate's place of incarceration.

In *Lopez v. Davis*, the Supreme Court explicitly acknowledged that "Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes."[1] Additionally, Congress specifically granted this authority over convicted federal inmates to the United States Bureau of Prisons through 18 U.S.C. § 3621.[2] Within the BOP's mandate is the power to designate an inmate's place of confinement, as outlined under 18 U.S.C. § 3621(b):

> "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable..."[3]

---

[1] *Lopez v. Davis*, 531 U.S. 230, 233 (2001).

[2] 18 U.S.C.A. § 3621(a) (2006).

[3] 18 U.S.C.A. § 3621(b) (2006).

Thus, once an inmate has been convicted and sentenced, the Bureau of Prisons (BOP) has complete authority over the federal prisoner.

While Congress and the Supreme Court have confirmed the BOP's authority to designate a federal prisoner's place of confinement, neither have specifically prohibited the Federal Courts from doing so. The Sixth Circuit, however, has joined several other circuits in determining that the BOP has sole power to designate the place of confinement for federal prisoners, and that any language in a District Court's sentencing order designating a place of confinement is mere surplusage and is not controlling.[4] In *United States v. Jalili*, the Court reversed a district court's attempt to control the place of confinement.[5] The district court had attempted to control the defendant's sentence, after the BOP had confined the defendant in a location against the district judge's wishes, by vacating the defendant's original sentence of imprisonment and resentencing the defendant to probation instead.[6] The Sixth Circuit based its determination on two points of law. First, it followed its own precedent from *United States v. Herb* in determining that the BOP has sole discretion in determining a federal inmate's place of incarceration.[7] Thus, any language of the court attempting to designate such a location is mere surplusage and is not controlling.[8]

---

[4]*United States v. Jalili*, 925 F.2d 889, 892-93 (6th Cir. 2001); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 73 (2d Cir. 2005); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *Montos v. United States*, 261 F.2d 39, 40 (7th Cir. 1958).

[5]*Jalili, supra..*

[6]*Id.* at 894.

[7]*Id.* at 893.

[8]*Id.*; *United States v. Herb*, 436 F.2d 566, 568 (6th Cir. 1971); *United States v. Stanton*, 203 F.2d 974, 976 (6th Cir. 1983).

Second, the Court reasoned that the inclusion of such language, while erroneous, does not completely invalidate the entire sentence.[9]

Therefore, within the Sixth Circuit, federal district courts lack jurisdiction to control the place of confinement for federal prisoners convicted or imprisoned within their jurisdiction. This Court should, therefore, follow precedent within the Sixth Circuit and deny this defendant's motion for lack of jurisdiction. While the cases cited above are concerned with the language of the sentencing order and not post-conviction motions, the United States contends that because this Court lacked jurisdiction to designate this defendant's place of confinement at sentencing, this Court lacks the same jurisdiction concerning the Defendant's post-conviction motion.

**B.    The Defendant's motion should be denied as a petition for habeas relief because this Court lacks jurisdiction under 28 U.S.C. § 2255, and because the Defendant's motion is procedurally barred from consideration under 28 U.S.C. § 2241.**

In the event that the Court considers the Defendant's motion as one for habeas relief, it should still dismiss the Defendant's motion for two reasons. First, the Court does not have jurisdiction over the motion as a writ of habeas corpus under 28 U.S.C. § 2255. Second, the Defendant's motion should be denied under 28 U.S.C. § 2241 because the Defendant has failed to pursue all available administrative remedies.

        *1.    The Court should deny the Defendant's motion because it lacks jurisdiction under 28 U.S.C. § 2255.*

According to decisions by the Supreme Court of the United States and the Sixth Circuit Court of Appeals, this Court does not have jurisdiction to hear the Defendant's motion if offered

---

[9] *Id.*; *See Bateman v. United States*, 277 F.2d 65, 69-70 (8th Cir. 1960)(stating that language designating place of confinement, although contrary to law, does not make the sentence void because the statement is treated as surplusage and disregarded).

as a motion to vacate or correct sentence under 28 U.S.C. § 2255. The Supreme Court held in *Braden v. 30th Judicial Circuit Court of Kentucky* that the court which imposed a prisoner's sentence has jurisdiction over the prisoner's § 2255 petitions.[10] In *United States v. Addonizio*, however, the Court stated that a sentencing court's jurisdiction does not extend to claims under §2255 where the prisoner's claims has no effect on the validity of the court's final judgment.[11] In addition, the Sixth Circuit has issued a decision which directly relates to the current case. In *United States v. Jalili*, the Sixth Circuit stated that a motion to vacate or correct sentence is invalid under § 2255 when a federal prisoner challenges the execution of his/her sentence, and not the validity of the sentence itself.[12] The Defendant's motion clearly asks this Court to determine where the Defendant will be incarcerated, and thus to rule on the mode of execution of his sentence. The motion does not challenge the validity of his incarceration or conviction. Therefore, this Court lacks jurisdiction to hear this case if the Defendant's motion is characterized as a § 2255 motion, for relief under 28 U.S.C. § 2255 is not applicable to the Defendant's motion.

      **2.    *This Court should deny the Defendant's motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because there is no evidence that the Defendant has exhausted all available administrative remedies.***

The Sixth Circuit has previously recognized that the proper way to challenge the execution of a prisoner's sentence is through a petition for a writ of habeas corpus under 28

---

[10]*Braden v. 30th Judicial Circuit Court of Kentucky*, 93 U.S. 1123, 1131 (1973).

[11]*United States v. Addonizio*, 442 U.S. 178, 190, (1979).

[12]*United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987).

U.S.C. § 2241(a).[13] Although a petition under § 2241(a) is the proper vehicle for a federal prisoner to challenge the execution of his sentence, the Defendant's motion should be denied here because he has not fulfilled the procedural requirements for a habeas claim. Title 28 U.S.C. § 2241(a) gives district courts jurisdiction over the claims of individuals "in custody under or by color of authority of the United States" and those who are "in custody in violation of the Constitution or laws or treaties of the United States."[14] In addition, the Supreme Court has stated that a district court has jurisdiction over habeas corpus petitions under § 2241 if the court has jurisdiction over the jailor of the movant.[15] The Sixth Circuit, however, stated in *Little v. Hopkins* that a federal prisoner's request for habeas relief will not be granted until all available administrative remedies have been sought.[16] Therefore, following the rule announced in *Little*, the Defendant's motion must be denied. The Defendant does have standing to petition for a writ of habeas corpus under § 2241(c)(1), for he is incarcerated under at least the color of the authority of the United States. Additionally, this Court has jurisdiction to hear the Defendants motion, if read as a § 2241 petition, because his current place of incarceration is within the territorial boundaries of the Southern District of Ohio. There is no evidence nor claim, however, which relates to previous attempts by the Defendant to pursue his claim through the BOP.

---

[13] *Jalili*, 925 F.2d at 894.

[14] 28 U.S.C. § 2241(c)(1),(3) (2006).

[15] *Braden*, 93 U.S. at 1130.

[16] *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981); *Campbell v. Barron*, 87 Fed.Appx. 577 (6th Cir. 2004); *Graham v. Snyder*, 68 Fed.Appx. 589, 590 (6th Cir. 2003); *Roberts v. Lamanna*, 22 Fed.Appx. 534, 535 (6th Cir. 2001).

Therefore in the absence of facts evidencing previous attempts for administrative remedies within the BOP, this Court must deny the motion.

### III. Conclusion

Therefore, for the reasons set forth above, the Defendant's motion is not well taken as the Defendant is not entitled to the relief sought from this Court, and his Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement must be overruled.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*s/Ralph W. Kohnen*
RALPH W. KOHNEN (0034418)
Deputy Criminal Chief
Attorney for Plaintiff
221 East Fourth Street; Suite 400
Cincinnati, Ohio 45202
(513) 684-3711; Fax: (513) 684-6385
Ralph.Kohnen @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response is being mailed to defendant Derrick Baldwin, #447-956, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio, 45035, this 16th day of June, 2006.

*s/ Ralph W. Kohnen*
RALPH W. KOHNEN (0034418)
Deputy Criminal Chief