UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 JUN 29 AM 11:15

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> -vs- <br> DERRICK BALDWIN, <br>     Defendant. | Case No. 1:02-CR-00154 <br><br> Hon. Judge Arthur Spiegel <br><br> **Defendant's Motion To Amendment Motion To Petition For Habeas Corpus Relief Pursuant to Rule 15(A), Fed.R.Civ.Pro. & 28 U.S.C. §2241** |

Comes now Defendant, Derrick Baldwin, Pro Se and pursuant to Rule 15(A), Federal Rules of Civil Procedure moves this Honorable District Court for an Order allowing him to amend the motion to designate Lebanon Correctional Institution, Lebanon, Ohio as his federal place of confinement to a petition for habeas corpus relief pursuant to 28 U.S.C.§ 2241(a). In granting this request, Plaintiff, United States of America will suffer prejudice in no way, because Plaintiff has already filed a responsive pleading in this matter in opposition. Since no further pleadings will be required in the matter leave to amend should be well-taken.

IT IS SO PRAYED FOR

Respectfully submitted,

_Derrick Baldwin_
Derrick Baldwin-Defendant
Inmate No. 447-956
Lebanon Correctional Institution 3-G-42
P.O. Box 56
Lebanon, Ohio 45036

Certificate of Service

This is to certify that a copy of the foregoing motion to amend was served by regular U.S. mail service upon Ralph W. Kohnen, Deputy Criminal Chief, Attorney for Plaintiff at 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202 this 27 day of June, 2006.

_Derrick Baldwin_
Defendant

## MEMORANDUM

Defendant has requested the Court to convert his request to designate Lebanon Correctional Institution,Lebanon,Ohio 45036 as his federal place of confinement.

Plaintiff concedes that the Court has such jurisdiction by vitue of 28 U.S.C. § 2241(a),but avers that Defendant's request will be procedurally barred due to the Defendant's failure to exhaust proper administrative remedies.

In Kuhlman v. Wilson,(1986),477 U.S. 436,106 S.Ct. 2616 at 2626,the United States Supreme Court defined the purpose of the procedural default rule:

> "B[a]lanced against the prisoner's interest in access to a forum to test the basic justice of his confinement are the interests of the State in administration of its criminal statutes.Finality serves many of those important interests.Availability of unlimited federal collateral review to guilty defendants frustrates the State's legitimate interest in deterring crime,since the deterrent force of penal laws is diminished to the extent that a person contemplating criminal activity believe there is a possibility that they will escape punishment through repetitive collateral attacks.See: Engle v. Isaac,456 U.S. at 127-128,n.32,102 S.Ct. at 1571,n.32. Similarily,finality serve's the State's goal of rehabilitating those who commit crimes because'[r]rehabilitation demands that the convicted defendant  realize that he 'is justly subject to sanction,that he stands in need of rehabilitation.'" Id. at 128,n.32,102 S.Ct. at 1571,n.32(quoting:Bator,Finality in Criminal Law and Federal Habeas Corpus for State Prisoners,76 Harv.L.Rev. 441,452 (1963)See: Schneckloth v. Bustamonte412 U.S. at 262,93 S.Ct. at 2065.Finality also serves the State's legitimate punitive interests.When a prisoner is freed on a successive petition,the State may be unable successfully to retry him.Peyton v. Rowe,391 U.S. 54,62,88 S.Ct. 1549,1553 (1968).This result is unacceptable if the State must forego conviction of a guilty defendant through the 'erosion of memory'and the 'dispersion of witnesses' that occur with the passage of time that invariably attends collateral attack.Engle v. Isaacsupra,at 127-128,102 S.Ct. at 1571,1572;Friendly,is Innocence Irrelevant?Collateral Attack on Criminal Judgments,38 U.Chi.L.Rev. 142,146-148 (1970)."
> [Emphasis added.]

In the case sub judice,none of the reasons the procedural default rule was designed for are present.

Defendant's case is final in this Court because he has not filed a direct appeal. Defendant has not sought unlimited access to this Court.Defendant could not possibly believe that the conversion and granting of his motion will allow him to escape punishment.Defendant realizes that he stands in need of sanction and rehabilitation and is the compelling reason he plead guilty as charged in this Court in the first

1.

instance,The government could not be prejudiced through a threat of retrial and te dispersion of witnesses or their memories,because no trial or retrial is requested.

Nor is the government's punitive intrests affected because Defendant is currently under o State court judgment of 16 years.Granting his request to designate Lebanon Correctional Institution,Lebanon,Ohio as his federal place of confinement will mere specify that Defendant serve a total of 16 years confinement for his State and federal law violations rather than a total of 19 years confinement.

Accordingly,viewing Defendant request as a petition for habeas corpus relief nder 28 U.S.C.§ 2241(a),this Honorable District Court in it's sound discretion is empowered to grant Defendant relief.

IT IS SO PRAYED FOR

                                          Respectfully submitted,

                                          Derrick Baldwin-Defendant