```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 1:02-CR-00154 |
| | : | |
| v. | : | **ORDER** |
| | : | |
| | : | |
| DERRICK BALDWIN | : | |
| | : | |
| | : | |
| | : | |

      This matter is before the Court on Defendant's Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement (doc. 23), Plaintiff's Memo In Opposition (doc. 24), and Defendant's Motion to Amend his Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement to a 28 U.S.C. § 2241 Petition for Habeas Corpus Relief (doc. 25). As Plaintiff addressed the issue of Defendant's original motion being treated as a 28 U.S.C. § 2241 Petition in their response (doc. 24) no further responsive filing was needed and this matter is ripe for review.

      Defendant Derrick Baldwin (hereinafter "Baldwin") proceeding <u>pro se</u> in this matter, moves this Court to designate Lebanon Correctional Institution as his federal place of confinement (doc. 23). Baldwin was sentenced by a federal court to thirty-three months in jail to be served consecutively to the sentence imposed by the state court. In his request, Baldwin submits that he is currently serving a seventeen year sentence imposed by the State of Ohio in the Lebanon Correctional

Institution (Id.).  Baldwin argues that designating his current place of confinement as his Federal place of confinement will serve the Federal and State Court's punitive and rehabilitative interests as prescribed in Engle v. Isaac, 456 U.S. 107 (1982).

In their response, the Government sets forth a two-part argument for denying Baldwin's Motion (doc. 24).  First, it argues that if this motion is treated as a petition for habeas corpus relief under 28 U.S.C. § 2241 it is procedurally barred because Baldwin has not exhausted all available administrative remedies (doc. 24).  The Sixth Circuit has held that the appropriate avenue to challenge the execution of a prisoner's sentence is through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  United States v. Jalili, 925 F.2d 889, 894 (6th Cir. 1991).  Title 28 U.S.C. 2241(c)(1) gives Baldwin standing to petition for a writ of habeas corpus because he is incarcerated under color of the authority of the United States.  However, the Sixth Circuit has also held that a federal prisoner's request for habeas relief will not be granted until all available administrative remedies have been exhausted.  Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir. 1981).  There is no evidence that Baldwin has made any attempts to pursue this claim through the Bureau of Prisons.  Therefore, in following the precedent established by Little, Baldwin's motion must be denied.

Second, the Government argues that the power to designate a place of confinement is specifically allotted by Congress to the Bureau of Prisons (Id.).  The Court agrees.  Congress specifically granted the

Bureau of Prisons authority over federal inmates in 18 U.S.C. § 3621. Furthermore, the Sixth Circuit has determined that the Bureau of Prisons has the sole power to designate the place of confinement for federal prisoners. Jalili, 925 F.2d at 892-893 (6th Cir. 1991); United States v. Herb, 436 F.2d 566, 568 (6th Cir. 1971). As such, this Court lacks jurisdiction to control the place of confinement because said power lies solely with the Bureau of Prisons.

Since Baldwin has not exhausted all administrative remedies pursuant to Little v. Hopkins, and the Court lacks jurisdiction to designate the place of confinement for federal prisoners, his Motion for Court Order Designating Lebanon Correctional Institution as His Federal Place of Confinement is DENIED (doc. 23).

SO ORDERED.

Dated: July 26, 2006               s/S. Arthur Spiegel
                                   S. Arthur Spiegel
                                   United States Senior District Judge